# UNITED STATES DISTRICT COURT IN THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **DONALD E. DELONG** | ) |
| | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| | ) CAUSE NO. |
| | ) |
| **NUCOR BUILDING SYSTEMS,** | ) |
| **NUCOR CORPORATION,** | ) |
| **NUCOR CORPORATION GROUP** | ) |
| **BENEFITS PLAN #501 a/k/a NUCOR** | ) |
| **CORPORATION GROUP LIFE &** | ) |
| **INSURANCE PLAN FOR ALL** | ) |
| **EMPLOYEES #502,** | ) |
| **PLAN SPONSOR AND** | ) |
| **ADMINISTRATOR NUCOR** | ) |
| **CORPORATION,** | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY formerly** | ) |
| **known as LIBERTY LIFE** | ) |
| **ASSURANCE COMPANY** | ) |
| **OF BOSTON,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

# COMPLAINT

## I. Parties, Jurisdiction, and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Donald E. Delong brings this action to enforce their rights under ERISA as authorized by 29 U.S.C. §1132 et seq.

2. Plaintiff, Donald E. Delong, is a resident of Dekalb County, Indiana, a citizen of the State of Indiana, who worked for the employer(s) mentioned below.

3. Defendant, The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln") (the successor to Liberty Life Assurance Company of Boston) is believed to be the issuer of an insurance policy that provided coverage for the Group Benefits Plan mentioned below. Lincoln is believed to be a business incorporated under the laws of the State of Indiana with its principal place of business located at 150 N Radnor Chester Rd Ste A305 Radnor, PA, 19087-5238 and whose registered agent is C/O Corporation with a service of process address

listed as Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, 46204. It is believed that this Defendant conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

4. Defendant, Nucor Corporation Group Benefits Plan is believed to be an Employee Welfare Benefit Plan (hereinafter referred to as "Plan") created under ERISA. Defendant Nucor Corporation is believed to be the Plan Sponsor and the Plan Administrator is (hereinafter referred to as Plan Administrator.) The Plan, Plan Sponsor, and Plan Administrator's address is 1915 Rexford Road, Charlotte North Carolina 28211. It is believed that these Defendants conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

5. Defendant Nucor Corporation d/b/a Nucor Building Systems (hereinafter "Employer") is believed to be a business incorporated under the laws of the Delaware with its principal place of business located at 1915 Rexford Road, Charlotte, NC 28211 and whose registered agent is believed to be The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. Nucor Building Systems is believed to be located at 305 Industrial Parkway, Waterloo,

IN 46793. It is believed that these Defendants conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

6. Defendants are either jointly or singularly the Plan, the Plan Holder, the Plan Administrator, the Plan Sponsor, the Insurance Policy Holder, The Insurance Company, and/or Insurance Policy Issuer.

7. The Plan, the Sponsor, and the claim for benefits are variously identified as Plan #501 and/or #502 and/or #GF3-850-289201-01, and/or Claim #10601426.

8. Defendants provided long term disability benefits to which Plaintiff was eligible, but did not completely receive due to wrongful discontinuation or termination of benefits.

9. Defendant Plan (and the insurance policy connected therewith) is an employee benefit plan made available to eligible employees by Defendant Employers, Defendant Sponsor, and administered by Defendant Plan. Said benefits were delivered to Plaintiff by mail and/or electronic means.

10. Defendant Plan, Defendant Plan Sponsor, Defendant Plan Administrator and/or Defendant Insurance Company promises to pay long term disability benefits, and any other benefits contained in the Plan/Policy to Defendant Employers' eligible employees if they are unable to work due to sickness or injury in accordance with the Plan/policy.

11. Venue in the Northern District of Indiana is appropriate by virtue of Plaintiff's residence therein and by virtue of Defendants contacts therein.

## II. Claims

12. Plaintiff incorporates Paragraphs 1 through 11 as if fully set forth.

13. On or about October 14, 2020, Plaintiff timely sought Long Term Disability Benefits under the Plan/Policy and began receiving monthly benefits.

14. On or about July 8, 2021, Defendants made an initial wrongful determination that discontinued or terminated Plaintiff's benefits.

15. On or about August 17, 2021, Plaintiff timely sought Plaintiff administrative review of the initial negative determination and requested a copy of the Plan governing documents, the Plan operation

documents, the summary plan description, the pertinent 5500 series financial reports, all documentation used to evaluate the claim (otherwise know as the administrative record), and Family Medical Leave Act (FMLA) documentation for the previous 5 years.

16. On or about September 7, 2021, Defendants delivered documents purported to be the Summary Plan Description and the Nucor Employee Benefits Plan and the 2019 5500 financial report. No Plan governing documents or Plan operation documents were provided. No administrative record was provided. No FMLA documentation was provided.

17. Defendants wrongfully terminated or discontinued Plaintiff's benefits on October 14, 2021.

18. Plaintiff timely sought administrative review of this negative determination.

19. On or about February 2, 2022 Defendants issued an administrative determination letter wherein Defendants upheld the prior negative termination or discontinuation of Plaintiff's Long Term Disability Benefits.

20. In said February 2, 2022 administrative determination letter, Defendants declared that all administrative rights to review had been exhausted.

21. In said February 2, 2022 administrative determination letter, Defendants declared that the matter was covered under ERISA, advised Plaintiff of his right to bring a civil action under ERISA, and advised Plaintiff of his contractual statute of limitation that was to expire on March 10, 2025.

22. On February 11, 2022, Plaintiff emailed Defendants' contact Kimberly Murray informing them that Plaintiff did not consider the administrative review closed because Defendant had not provided all the documents requested by Plaintiff. Defendants did not take any action in relation to this email.

23. This complaint is timely filed prior to the declared contractual statute of limitation.

24. Defendants' administrative determination is not supported by substantial evidence because Plaintiff had serious medical problems (right hip replacement, post-right total hip replacement and painful left

hip osteoarthritis that needed a left total hip replacement, post-hip surgery venous insufficiency, post-hip surgery edema, post-hip surgery lymphedema, post-hip surgery cellulitis, post-hip surgery leg and ankle ulcers that caused work preclusive limitations.)

25. Plaintiff has provided significant medical proof of his disability from their treating physicians and other health care providers and ample evidence to establish his entitlement, and continued eligibility, to long term disability benefits.

26. From the date of disability, Plaintiff could not engage in active employment and Plaintiff remains unable to perform the material duties of any occupation for which he is, or may become, reasonably qualified based on his education, training, or experience and is unable to earn wages/salaries at a level that would disqualify him for benefits.

27. Defendants' decision to deny Plaintiff's long term disability benefits is wrongful, and is contrary to law in that it contains logical flaws, defective medical reasoning, unreasonable evaluation of the evidence, and other problems.

28. Defendants have refused and refuse to pay Plaintiff the long term disability benefits that are past due and presently due under the Plan/Policy.

29. Defendants have refused to acknowledge and accept their ongoing obligations to pay Plaintiff long term disability benefits in the future.

30. Defendants have intentionally and without reasonable justification denied Plaintiff long term disability benefits due him pursuant to the Plan/Policy and ERISA.

31. As a result of the denial of benefits, Plaintiff has suffered compensatory damages in the amount of $78,384 which represents amounts due under the Plan/Policy from approximately October 31, 2021 until Plaintiff's full retirement age which occurs on November 8, 2025. These damages may be subject to partial offset by Social Security Disability benefits in precise amounts to be determined.

32. Pursuant to ERISA Section 104(b)(4), a plan administrator is required to provide a participant or beneficiary a copy of "the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" within thirty

(30) days of a written request. 29 U.S.C. § 1024(b)(4).

33. Pursuant to 29 U.S.C. § 1132(a)(1)(A), a plan administrator is also required to furnish Plaintiff with a copy of all instruments under which the plan is established or operated. Defendants are, therefore, liable to Plaintiff in the amount of $110 per day for each day that they fail to provide Plaintiff a copy of all of these documents as well.

34. A plan "administrator" is subject to a penalties for each day that the administrator fails to provide documents within 30 days of a written request from a participant or beneficiary under 29 U.S.C. § 1132(c)(1).

35. By failing to provide Plaintiff with a complete copy of the plan governing documents, plan operating documents, and an up to date copy of the claim file with thirty (30) days of Plaintiff's written request, Defendant Plan Administrator may subject to the statutory penalties.

WHEREFORE, the Plaintiff, Donald E. Delong, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff, Donald E. Delong, is entitled to long term disability benefits and to order the Defendants to pay past due and future benefits in the amount of $78,384;

B. Finding that Plaintiff, Donald E. Delong, is entitled to any other benefits provided by said Plan/Policy;

C. Awarding the Plaintiff, Donald E. Delong, interest on the amount of back benefits which remain unpaid;

D. Imposing appropriate penalties on Defendant Plan Administrator as required by law.

E. Awarding Plaintiff other damages pertinent hereto as yet determined;

F. Awarding the Plaintiff, Donald E. Delong, reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful termination or discontinuation of benefits; and,

G. Awarding Plaintiff, Donald E. Delong, all other relief as may be just and appropriate.

Respectfully submitted,

  */s/*Randal S. Forbes
Randal S. Forbes, Esq
Forbes Rodman PC
P.O. Box 374
Angola, Indiana 46703
2601668-9830
2601665-1401 fax
randalforbes@forbesrodman.com